IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HAKIM AKBAR-JONES,

    Plaintiff,                    No.  2:11-cv-2627 CKD P

    vs.

M. MCDONALD, et al.,           ORDER AND

    Defendants.           FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a California prisoner proceeding pro se.  His claims are related to his past-incarceration at High Desert State Prison.[1]  On October 11, 2011, defendant M. McDonald removed this action to this court from the Superior Court of Lassen County.  Defendant McDonald claims removal of this action was appropriate since the court has original jurisdiction over claims stated by plaintiff in his complaint which arise under the Fourteenth and Eighth Amendments.  See 28 U.S.C. §§ 1331 & 1441(a).  Plaintiff filed a timely opposition to removal on October 24, 2012.  See 28 U.S.C. § 1447(c).  This proceeding was referred to this court by Local Rule 302, pursuant to 28 U.S.C. § 636(b)(1).

/////

---

[1] Plaintiff now resides at California State Prison, Sacramento.

1

1   In his complaint, plaintiff asserts seven distinct "Cause[s] of Action."  Complt. at 10-24.[2]  Each cause of action arises under California tort law.  For example, plaintiff identifies "Cause of Action I." as "Intentional Tort–Personal Injury–Intentional Infliction of Emotional Distress–Liability."  Complt. at 10.  Plaintiff fails to assert any claims arising under federal law in his complaint.  At various points in his complaint, plaintiff states his "Constitutional" rights and right to "due process" and "civil rights" have been violated.  However, plaintiff fails to indicate whether these are references to the California or United States Constitution.  In any case, passing reference to the "Constitution," "due process" and "civil rights" in a lengthy complaint do not amount to an assertion of a claim especially in light of the fact that plaintiff is clear about the claims he is actually raising through his specific identification of his "cause[s] of action."  See Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984) (complaint must give fair notice of claims and state elements plainly and succinctly).

Under 28 U.S.C. § 1447(c), this court must remand an action back to state court if, at any point, it is clear the court does not have subject matter jurisdiction.  This court lacks subject matter jurisdiction, or jurisdiction under any other basis, as it is clear plaintiff fails to properly assert a claim arising under federal law.  Accordingly, the court will recommend that this action be remanded to the Superior Court of Lassen County.

The court notes that plaintiff has requested the appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In light of the fact that

/////

---

[2] Page numbers are those assigned by the court's electronic docketing system.

the court is recommending that this action be remanded to state court, appointment of counsel is not warranted.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for the appointment of counsel (Dkt. No. 11) is denied; and

2. The Clerk of the Court assign a District Court Judge to this case.

IT IS HEREBY RECOMMENDED that this action be remanded to the Superior Court of Lassen County.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 1, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
akba2627.14